IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00387-MR-DCK

| | |
|---|---|
| ALDO ENRIQUE FAUSTO FRANCISCOLO PIAGGIO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLAUDIA MARIA PALACIOS PUGA, )<br>)<br>Defendant. )<br>_____ ) | **TEMPORARY<br>RESTRAINING ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion for Ex Parte Temporary Restraining Order [Doc. 5].

**I.     PROCEDURAL BACKGROUND**

The Petitioner Aldo Enrique Fausto Franciscolo Piaggio ("Petitioner") initiated this action against Claudia Maria Palacios Puga ("Respondent") on April 12, 2024, by filing a Petition and Complaint pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 ("the Hague Convention") and the provisions of the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001, et seq. ("ICRA"), seeking the return of the parties' 13-year-old daughter, A.F.P., to Peru. [Doc. 1]. The Petitioner filed an Amended Petition

and Complaint on April 15, 2024, which added a verification by the Petitioner pursuant to 28 U.S.C. § 1746. [Doc. 2].

The Petitioner filed the present Motion for Ex Parte Temporary Restraining Order ("TRO") on May 2, 2024. [Doc. 5]. The Court held an ex parte hearing on May 7, 2024.

## II. STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure provides that the Court may issue a temporary restraining order without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

To obtain a temporary restraining order, a movant must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent injunctive relief, (3) the balance of the equities tips in his favor, and (4) the injunction would be in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. A movant seeking preliminary injunctive relief "need not establish a certainty of

2

success, but must make a clear showing that he is likely to succeed at trial." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted). Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III. DISCUSSION

The Hague Convention is designed to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as secure protection for rights of access." Maxwell v. Maxwell, 588 F.3d 245, 250 (4th Cir. 2009). To achieve these ends, the Hague Convention seeks to preserve the status quo by returning children to their home countries for further proceedings. See Miller v. Miller, 240 F.3d 392, 398 (4th Cir. 2001). As such, the underlying custody case is not at issue before this Court. See id.

To maintain the status quo, the Court may order provisional measures in order "to prevent further harm to the child or prejudice to interested parties," including ensuring that children are not removed from the Court's jurisdiction while the petition is being adjudicated. Hague Convention, art. 7(b); see 22 U.S.C. § 9004(a) (allowing preventative measures "to protect

3

the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.").

The Court first turns to the requirements of Rule 65(b) regarding the issuance of a temporary restraining order without notice. The Petitioner has filed a Verified Amended Petition and Complaint outlining the Respondent's efforts to remove A.F.P. from Peru to Colombia and then to the United States without informing the Petitioner. [See Doc. 2]. "The further movement and secreting away of a minor is an irreparable harm supporting a TRO." See Chambers v. Russell, No. 1:20CV498, 2020 WL 13042301, at *3 (M.D.N.C. June 16, 2020). The Petitioner has further established that absent the entry of a TRO, this harm is likely to continue. Additionally, the Petitioner has established that notice should not be given pursuant to Fed. R. Civ. P. 65(b), as notice might provoke the Respondent to move the minor child again. See id.

The Court next turns to the requirements under Winter. First, the Court finds that the Petitioner has demonstrated he is likely to succeed on the merits. Specifically, the Petitioner has made a sufficient showing that the Respondent wrongfully removed and retained A.F.P. from the country of her habitual residence and that such removal was in contravention of the Petitioner's custodial rights, which he was exercising at the time of removal.

4

Second, for the reasons discussed supra, the Court finds that the Petitioner has demonstrated that he is likely to suffer irreparable harm in the form of further separation from and movement of A.F.P.

Third, the Court finds that the balance of equities tips in the Petitioner's favor. The potential harm to the Respondent is minimal as the temporary restraining order only requires the Respondent to keep A.F.P. in this District through the pendency of this litigation to determine whether the child should be returned to Peru for custody proceedings.

Fourth, the Court finds that public policy supports issuance of a temporary restraining order, as "it is in the public's interest that the United States participate in the Convention to ensure the safe return of children to their home countries." Chambers, 2020 WL 13042301, at *4 (quoting Cocom v. Timofeev, No. 2:18-cv-002247, 2018 WL 3958129, at *4 (D.S.C. Aug. 17, 2018)).

For all of these reasons, the Court finds that the issuance of a temporary restraining order is appropriate.

Finally, Rule 65(c) provides that the Court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

5

Case 3:24-cv-00387-MR-DCK   Document 8   Filed 05/07/24   Page 5 of 8

However, "[a] bond is not mandatory and can be waived." Hernandez v. Montes, No. 5:18-CV-5-D, 2018 WL 405977, at *2 (E.D.N.C. Jan. 12, 2018). Because the Court is only temporarily limiting the Respondent's ability to travel with A.F.P. and is not addressing any custody rights, the Court finds that a bond is not appropriate in this case.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Ex Parte Temporary Restraining Order [Doc. 5] is **GRANTED** as follows:

(1) The Respondent, Claudia Maria Palacios Puga, or anyone acting on her behalf or at her direction, is hereby **ENJOINED AND PROHIBITED** from removing A.F.P. from the Western District of North Carolina and the jurisdiction of this Court pending final resolution of the Petitioner's Verified Amended Petition and Complaint for Return Child under the Hague Convention.

(2) The Respondent shall make A.F.P. available to the Court as necessary during the pendency of this action.

(3) The Respondent, or anyone acting on her behalf or at her direction, shall not, under any circumstances, conceal A.F.P. from the Court.

(4) The United States Marshals Service shall immediately affect personal service of copies of the following documents on the Respondent Claudia Maria Palacios Puga:

    (1) This Order;

    (2) The Verified Amended Petition and Complaint for Return Child under the Hague Convention [Doc. 2]; and

    (3) The Petitioner's Motion for Ex Parte Temporary Restraining Order, the Memorandum of Law in Support, and the Addendum thereto [Docs. 5, 6, 7].

(5) At the time of service of the aforementioned documents, the United States Marshals Service shall take custody of, and the Respondent Claudia Maria Palacios Puga shall immediately surrender, any and all travel documents—including passports, travel permits, visas, tickets, or similar documents—belonging to the Respondent and/or the minor child A.F.P. and shall deposit such documents with the Court for safekeeping pending a resolution of this case.

(6) This temporary restraining order shall remain in effect for a period of fourteen (14) days from entry, and that a hearing on the Petitioner's related request for a preliminary injunction shall be scheduled before the Honorable Max O. Cogburn, United States District Judge, at a later date.

**IT IS SO ORDERED** this the 7th day of May, 2024 at 2:30 p.m.

Signed: May 7, 2024

Martin Reidinger
Chief United States District Judge